■ Gaetano Cascia, Respondent, v. Maze Woodenware Co., Inc., Defendant and Third-Party Plaintiff-Appellant. Zeilon Mason Contractors, Third-Party Defendant-Respondent.— Appeal by defendant and third-party plaintiff from a judgment of the Supreme Court, Kings County, dated April 10, 1967, in favor of plaintiff against defendant, upon a jury verdict, and dismissing the third-party complaint, upon the trial court's decision. Judgment reversed, on the law and the facts and in the interests of justice, and a new trial granted, with costs to abide the event. Plaintiff's case went to the jury on two theories: (1) negligence and (2) breach of warranty. He was injured on October 15, 1959, when a scaffold on which he was working collapsed and caused him to be thrown to the ground. The scaffold was buttressed underneath by a device known as a "putlog", which device had been manufactured by appellant; 100 of them had been leased on September 8, 1959, to the third-party defendant, Zeilon, plaintiff's employer. Under the terms of the leasing agreement, Zeilon agreed to indemnify appellant "against loss from liability imposed by law for damages as the result of bodily injuries" sustained by anyone on the putlogs or "through any defect therein after they" had been delivered to Zeilon; furthermore, it was agreed that the putlogs were not in any way guaranteed by appellant and that Zeilon would examine them for defects. In our opinion, in order for plaintiff to succeed under either of his causes of action against appellant, it was incumbent upon him to establish that the putlog was in a defective condition on the date it was delivered to his employer, Zeilon (*Natale* v. *Pepsi-Cola Co.,* 7 A D 2d 282). There was no proof as to this, and accordingly no evidence to support a jury verdict in his favor, and therefore the judgment against appellant must be reversed as to plaintiff. As for appellant's third-party complaint against Zeilon under the indemnification agreement, it was error for the trial court to grant judgment for Zeilon. In our opinion, it is clear that the indemnity agreement was that appellant would be held harmless against any liability imposed as the result of injury even with respect to "any defect" in the putlogs delivered by appellant. Appellant did not guarantee the logs and it was the

express obligation of the third-party defendant to examine them (cf. *Kurek* v. *Port Chester Housing Auth.*, 18 N Y 2d 450; *Petersen* v. *Rand Contr. Co.*, 24 A D 2d 454). Allowing the amendment of the complaint shortly before the case went to the jury was not an abuse of discretion. Beldock, P. J., Christ, Brennan, Hopkins and Martuscello, JJ., concur.